UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-20186-ALTMAN/REID

WADE EMANUEL,

     Plaintiff,

v.

DEPARTMENT OF VETERAN AFFAIRS,
*et al.*,

     Defendant.
_____/

**REPORT AND RECOMMENDATION**
**ON PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

This matter is before the Court pursuant to Plaintiff Wade Emanuel's Motion for Leave to Proceed *in forma pauperis*. [ECF No. 6]. For the reasons set forth below, this Court recommends that Plaintiff's Motion be **DENIED**, and the complaint **DISMISSED**.

**I.**    **Standard of Review**

Pursuant to 28 U.S.C. § 1915(a)(1), the Court can authorize the commencement of a lawsuit without prepayment of the filing fee if the litigant submits an affidavit the includes a statement of all assets and that the person is unable to pay the fees. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (explaining that § 1915(a)(1) applies to all persons requesting leave to proceed IFP). Plaintiff has moved for leave to proceed *in forma pauperis* attesting to his inability to pay the filing fee. [ECF No. 6].

A district court may, however, deny a motion for leave to proceed *in forma pauperis* if it determines the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Indeed, "[a] district court may conclude a case has little or no chance of success

1

and dismiss the complaint before service of process when it determines from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

The Supreme Court in Neitzke v. Williams, 490 U.S. 319, 327 (1989), explained

> Section 1915(d) has a separate function, one which molds rather differently the power to dismiss which it confers. Section 1915(d) is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

Additionally, while courts do and should show a leniency to *pro se* litigants who do not have the benefit of a legal education, *see, e.g.*, *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir.1990), "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1989). If a plaintiff's claim has merit, Section 1915 of United States Code Title 28 provides that a court may authorize a person who is unable to prepay court fees to commence suit. *See* 28 U.S.C. § 1915(a)(1).

## II.   Discussion

Plaintiff filed a *pro se* action against the United States Department of Veteran Affairs ("VA"), and twelve individuals who appear to be employees of the VA. [ECF No. 1-1]. The Complaint seems to seek an injunction against the VA to "stop the Agency from further harassment of Plaintiff, other federal employees, and immediate reversal of … illegal actions." [ECF No. 1 at 4]. Specifically, Plaintiff claims all of the Defendants are "guilty by way of conspiracy … whistleblower retaliation, fraud, cyber fraud, schemes, libel, personnel prohibited practices

constitutional violations, and [Americans with Disabilities Act] violations, with no need for oral argument, as no other explination [sic] can be rendered, also directly responsible for wrongful death." [*Id.*]. Additionally, under the section entitled "Relief" of the *pro se* Complaint form he filed, Plaintiff requests the following relief:

> The plaintiff is seeking that the court compels the defendant to perform a certain act or refrain from a certain act. Common types of equitable relief are injunctions, specific performance, or vacatur. Additionally (sic) remedy resulting from a claim of estoppel. (sic) remedies for legal actions seeking monetary damages, (sic) In direct accordance with applicable law, and established table of penalties which fit the degree of seriousness with

   [*Id.* at 4–5].

After carefully reviewing the Complaint, I find that Plaintiff's claim is so lacking in factual content that I am unable to determine the basis for his claim against the Defendants or the remedy he seeks. He has listed numerous allegations against the VA from harassment to cyber fraud. [ECF No. 1 at 4]. However, there are no facts within the six-line Statement of Claim section of the Complaint to support or sufficiently describe these claims. Even while providing greater deference to *pro se* litigants than to attorneys who draft a complaint, the complaint lacks sufficient facts to prevent Plaintiff's claims from being deemed frivolous. *See Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017). Moreover, Plaintiff's prayer for relief does not clearly state the remedy he seeks. As this claim "does not even approximate an actionable claim," it is therefore a frivolous complaint and should be dismissed. *See Cruz v. Melee*, No. 23-CV-60784-RAR, 2023 WL 3159313, at *2 (S.D. Fla. Apr. 29, 2023).

### III.     Recommendation

For the reasons set forth above, this Court recommends that Plaintiff's Motion for Leave to Proceed *in forma pauperis*, [ECF No. 6], be **DENIED** and the Complaint [ECF No. 1] be **DISMISSED** as frivolous.

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Judge within **FOURTEEN DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**SIGNED** this 10th day of May, 2023.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:     **U.S. District Judge Roy K. Altman**; and

        **All Counsel of Record**