UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-20186-ALTMAN/Reid

**JOSEPH EMANUEL WADE**,

 *Plaintiff*,

v.

**DEPARTMENT OF VETERAN AFFAIRS**,
*et al.*,

 *Defendants.*

_____/

## ORDER

The Plaintiff, Joseph Emanuel Wade,[1] has filed a Motion for Leave to Proceed *in Forma Pauperis* (the "Motion") [ECF No. 6], which we referred to U.S. Magistrate Judge Lisette M. Reid, who recommended that we **DENY** the Motion and **DISMISS** Wade's Complaint, *see* Report and Recommendation ("R&R") [ECF No. 8]. Magistrate Judge Reid also warned the parties as follows:

> A party shall serve and file written objections, if any, to this Report and Recommendation with the District Judge within **FOURTEEN DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

*Id.* at 4. The Plaintiff timely objected to the R&R. *See* Plaintiff's Objection to the R&R ("Objection") [ECF No. 9]. And this Order follows.

---

[1] Although some of the filings in our case have listed the Plaintiff's name as "Wade Emanuel," our review of the Plaintiff's signature on his Objection leads us to believe that his name is actually Joseph Emanuel Wade.

## THE LAW

District courts must review *de novo* any part of a magistrate judge's disposition that has been properly objected to. *See* FED. R. CIV. P. 72(b)(3). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require a *de novo* review only where objections have been properly filed—and not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

When a party timely objects to a magistrate judge's report and recommendation, the district judge must make a *de novo* determination "of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Leonard v. Polk Cnty. Sheriff's Dep't*, 2019 WL 11641375, at *1 (M.D. Fla. Apr. 16, 2019). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Tardon*, 493 F. Supp. 3d 1188, 1209 (S.D. Fla. 2020) (Lenard, J.) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)). "Those portions of a magistrate judge's report and recommendation to which no objection has been made are reviewed for clear error." *Ibid.*

A court may authorize a party to proceed *in forma pauperis* in any suit so long as that party complies with the prescriptions of 28 U.S.C. § 1915. But the court must screen such cases and must dismiss a complaint if it concludes that "the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1486 (11th Cir. 1997) (explaining the grounds for dismissal under § 1915).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be

enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (cleaned up).

Although "*pro se* pleadings are held to a more lenient standard than pleadings filed by lawyers," *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 974 (11th Cir. 2012), that leniency "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action," *GJR Inv., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1989). *Pro se* litigants "cannot simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim . . . . [J]udges cannot and must not 'fill in the blanks' for *pro se* litigants; they may only cut some 'linguistic slack' in what is actually pled." *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (Altonaga, J.) (cleaned up).

## ANALYSIS

Wade, acting *pro se*, has sued the U.S. Department of Veteran Affairs ("VA") and twelve individuals who appear to be employees of the VA. His Complaint [ECF No. 1] is only six lines long and asserts (mostly) the following:

> Claim 1. Granting injunctions, to stop the Agency from further harassment of Plaintiff, other federal employees, and immediate reversal of Agencies, illegal actions. Labor Management rules, regulations, and policies, are not to be altered, in character or composition, or for own one personnel gain. All of the [defendants], so listed in [ ] this complaint are guilty by way of conspiracy to the same, whistleblower retaliation, fraud, cyber fraud, schemes, libel, (PPP) personnel prohibited practices constitutional violations[,] and (ADA) violations, with no need for oral argument, as no other explination can be rendered, also directly responsible for wrongful death.

*Id.* at 4 (errors in original). In his prayer for relief, Wade appears to seek an injunction against the VA as follows:

> The plaintiff is seeking that the court compels the defendant to perform a certain act or refrain from a certain act. Common types of equitable relief are injunctions, specific performance, or vacatur. Aditionaly remedy resulting from a claim of estoppel[,] remedies for legal actions seeking monetary damages, in direct accordance with applicable law, and established table of penalties which fit the degree of seriousness with

*Ibid.* (errors in original). As these quotations should make plain, we agree with Magistrate Judge Reid that the "Plaintiff's claim is so lacking in factual content that [we are] unable to determine the basis for his claim against the Defendants or the remedy he seeks." R&R at 3.

Resisting this conclusion, the Plaintiff has filed an Objection to the R&R—really, a series of disconnected musings from which we can discern only two objections that warrant *de novo* review.[2] In the first, Wade accuses Magistrate Judge Reid of "wrongly equat[ing] the standard for failure to state a claim under Rule 12(b)(6) with the more lenient standard for frivolousness under § 1915(d),[3] which permits dismissal only if a petitioner cannot make any rational argument in law or fact entitling him to relief." Objection at 2. In saying so, Wade appears to quote from the Supreme Court's decision in *Neitzke v. Williams*, 490 U.S. 319, 319 (1989). In the second, Wade contends that "[t]he District Court[ ] failed to sustain, or articulate, the grounds for the dismissal of the Plaintiff's[ ] undisputed and historical case." Objection at 6. We'll address—and reject—both objections in turn.

*First*, while we agree with Wade that a complaint isn't necessarily frivolous within the meaning of § 1915 *just because* it fails to state a viable claim under Rule 12(b)(6), *see Neitzke*, 490 U.S. at 320,

---

[2] Much of the Objection quotes from a law review article: Alexander A. Reinert, *Screening Out Innovation: The Merits of Meritless Litigation*, 89 IND. L. J. 1191 (2013). Other portions lift from an uncited-to Federal Trade Commission report on "Sham Litigation." In treating us to these quotations, though, Wade never identifies those portions of the R&R he's objecting to—nor does he articulate any legal grounds for his objection. We thus need not and will not treat these ramblings as proper objections to the R&R. *See Tardon*, 493 F. Supp. 3d at 1209 ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court.").

[3] The 1996 amendments to § 1915 moved the dismissal provision from § 1915(d) to § 1915(e)(2). *See* Michael Zachary, *Dismissal of Federal Actions and Appeals Under U.S.C. §§ 1915(e)(2) and 1915A(b), 42 U.S.C. § 1997e(c) and the Inherent Authority of the Federal Courts*, 43 N.Y.L. SCH. L. REV. 975 (1999–2000).

when "a complaint filed *in forma pauperis* which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and § 1915(d) *both* counsel dismissal," *id.* at 328 (emphasis added). And Wade's Complaint plainly lacks any arguable basis in law. It, after all, includes *no* factual allegations at all. It's just a hodgepodge of various state and federal causes of action—all lumped together and totally disconnected from any legitimate factual basis. Indeed, having now read the Complaint several times, we still have no idea how the Defendants harmed the Plaintiff or why they should be liable to him. *See Arthur v. Cir. Ct of 11th Jud. Cir.*, 2022 WL 1045646, at *1 (S.D. Fla. Apr. 7, 2022) (Scola, J.) (dismissing a *pro se* complaint under § 1915(e)(2) because "the precise contours of [the plaintiff's] allegations are . . . impossible to discern" and because "[i]t does not include sufficient factual matter, accepted as true, that would allow the Court to reasonably infer what [the plaintiff's] claim or claims for relief against the [d]efendants may be"). In any event, even if a complaint isn't frivolous within the meaning of § 1915(e)(2)(B)(i), it may still be dismissed for failure to state a claim under § 1915(e)(2)(B)(ii). *See Diarra v. Atlanta City Det. Ctr.*, 2020 WL 6867074, at *2 (N.D. Ga. Oct. 15, 2020) (dismissing complaint under § 1915(e)(2)(B)(ii) because, "[e]ven if it were not frivolous, it fails to state a claim for relief"); *see also Bilal v. Driver*, 251 F.3d 1346, 1348 (11th Cir. 2001) (explaining that, under the amendments to § 1915, a complaint may be dismissed *either* as frivolous *or* for failure to state a claim). We therefore overrule this first objection.

We also overrule the Plaintiff's second objection because Magistrate Judge Reid properly articulated her reasoning. In her R&R, Magistrate Judge Reid said that she had carefully reviewed the Complaint and that she was "unable to determine the basis" for the Plaintiff's claims—"[e]ven while providing greater deference to [a] *pro se* litigant[.]" R&R at 3. She added that there were "no facts within the six-line Statement of Claim section of the Complaint to support or sufficiently describe" the Plaintiff's claims. And (she concluded) the Plaintiff's prayer for relief didn't "clearly state the remedy he seeks." *Ibid.* As we've suggested, we agree with all of this. So, although the R&R was brief,

5

it didn't fail to articulate Magistrate Judge Reid's reasoning.

\*\*\*

After careful review, therefore, we **ORDER AND ADJUDGE** as follows:

1. The R&R [ECF No. 8] is **ACCEPTED and ADOPTED** in full.

2. The Defendant's Motion for Leave to Proceed *in Forma Pauperis* [ECF No. 6] is **DENIED**.

3. This case is **DISMISSED** *with prejudice*.

4. The Clerk of Court shall **CLOSE** this case. Any pending motions are **DENIED as moot**. All pending deadlines and hearings are **CANCELED**.

**DONE AND ORDERED** in the Southern District of Florida on June 27, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record